|   |   |
|---|---|
| 1 | STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757 |
| 2 | ANDREA BREUER, ESQ.; STATE BAR NO.: 161819 |
| 3 | **THARPE & HOWELL, LLP**<br>**15250 Ventura Blvd., Ninth Floor**<br>**Sherman Oaks, California 91403** |
| 4 | **(818) 205-9955; (818) 205-9944 fax**<br>E-Mail: sforman@tharpe-howell.com |
| 5 | E-Mail: abreuer@tharpe-howell.com |
| 6 | Attorneys for Defendant, |
| 7 | LOWE'S HOME CENTERS, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| CARLOS R. PEIRANO, | Case No.: |
|---|---|
| Plaintiff, | [Riverside County Superior Court Case No.: CVRI2202098] |
| v. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)** |
| LOWE'S HOME CENTERS, LLC; HENRY DURAN AND DOES 1 TO 20, INCLUSIVE, | |
| Defendants. | Complaint Filed: May 23, 2022 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendant LOWE'S HOME CENTERS, LLC ("LOWE'S" or "Defendant"), contemporaneously with the filing of this notice, is effectuating the removal of the below-referenced action from the Superior Court of the State of California for the County of Riverside, to the United States District Court, Central District of California. The removal is based, specifically, on the following grounds.

### JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy

- 1 -
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391 and 1446.

**PLEADINGS, PROCESS, AND ORDERS**

3. On May 23, 2022, Plaintiff CARLOS R. PEIRANO ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *Carlos R. Peirano v Lowe's Home Centers, LLC, Henry Duran, and Does 1 to 20, inclusive,* Case No. CVRI2202098. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A"**:

    a. Summons;
    b. Complaint;
    c. Civil Case Cover Sheet;
    d. Certificate of Counsel;
    e. Notice of Department Assignment; and
    f. Notice of Case Management Conference;

4. The documents comprising **Exhibit "A"** were served personally served on defendant LOWE'S HOME CENTERS, LLC's agent for service of process on August 24, 2022.

5. On September 16, 2022, Defendant LOWE'S HOME CENTERS, LLC, filed and served its Answer to Plaintiff's Complaint and a Demand for Trial by Jury. True and correct conformed copies of Defendant's Answer and Demand for Trial by Jury are attached hereto as **Exhibit "B."**

6. Named Defendant HENRY DURAN has never been served with a copy of the Summons and Complaint and has not appeared in this action.

///
///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

7. The attached exhibits constitute all process, pleadings, and orders in the state court case.

## DIVERSITY

**A.   Citizenship**

8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

9. Plaintiff CARLOS R. PEIRANO was, at the time of the filing of this action, and presently remains domiciled in the State of California and is therefore a citizen of the State of California.

10. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant LOWE'S HOME CENTERS, LLC is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

11. Therefore, complete diversity of citizenship exists as between Plaintiff CARLOS R. PEIRANO, a citizen of California, and the entity defendant LOWE'S HOME CENTERS, LLC, a citizen of North Carolina.

**B.   Individual Defendants**

12. LOWE'S HOME CENTERS, LLC is informed and believes, and thereon alleges that Defendant HENRY DURAN was, at the time of filing of this action, a citizen of California.

13. The citizenship of defendant HENRY DURAN may be disregarded because he has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See Morris,* 236 F.3d at 1067; *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

14. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Cal. 1979); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent")

15. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp.245, 248-49 (E.D. Cal. 1992).

16. Plaintiff's complaint alleges theories of liability based on negligence and premises liability. Each cause of action is based upon the allegation that Plaintiff slipped and fell on a watery and/or slippery substance and sustained personal injuries on May 31, 2020, at the Lowe's retail store located in Riverside, California ("the

Riverside store").

17. There is no reasonable basis for imposing liability on Mr. DURAN as he was not the manager of the Riverside store at the time of the subject incident on May 31, 2020. At the time of the subject incident, Mr. DURAN was the store manager of an *entirely different Lowe's store* located in Norwalk, California. Mr. DURAN did not become the manager of the Riverside store until August, 2021, over one year *after* the subject incident. In fact, as of May 31, 2020, Mr. DURAN was not and had never been the Store Manager of the Riverside store. Since Mr. DURAN was not employed in the Riverside store on the date of this incident, no act or omission on his part could have caused Plaintiff's injuries, and he cannot be held liable for any dangerous condition of the Riverside store. Attached hereto as **Exhibit "C"** is a true and correct copy of the Declaration of Henry Duron,[1] attesting to these facts, and demonstrating that he bears no liability in this matter and confirming that he is named herein only as a sham defendant.

18. Moreover, Plaintiff has not demonstrated any real intent to obtain a judgment against Mr. DURAN as he has never been served with the Summons and Complaint. It is clear that Mr. DURAN is a "sham" defendant, joined only for the purpose of destroying complete diversity.

### C. Consent to Removal Not Necessary for Unserved Defendants

19. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the consent of all defendants "properly joined and served" is required prior to removal. However, where a non-joining defendant has not been properly served, its absence from the removal notice will not render the removal defective. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

20. Defendant HENRY DURAN has never been properly served with the Summons and Complaint in this case. Therefore, HENRY DURAN's consent to or

---

[1] Plaintiff has misspelled Henry Duron's name as "Henry Duran."

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

joinder in the removal is not required by 28 U.S.C. § 1446(b)(2)(A).  As stated above, *supra*, Paragraphs 12-18, HENRY DURAN is a sham defendant, named only to defeat diversity, and there is no basis to hold him in this action.

### D. Fictitious Does

21. Defendants DOES 1 to 20, are wholly fictitious.  The Complaint does not set forth the identity, citizenship, or status of any said fictitious defendants.  In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).  Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

22. Plaintiff's Complaint sets forth two causes of action for negligence and premises liability.  *See* **Exhibit "A**."  Plaintiff alleges in his Complaint that he sustained personal injury while at Defendant LOWE'S HOME CENTERS, LLC's retail store.  Plaintiff claims that Defendant was negligent by permitting an alleged dangerous condition to exist.  As a result of Defendant's alleged negligence, Plaintiff claims that he suffered injuries as alleged in the Complaint.  Although Plaintiff did not state a specific amount demanded in his Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

23. Where a complaint does not allege a specific amount in damages, the removing defendant only bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the

---

[1] In California state court actions brought to recover damages for personal injury, plaintiffs are prohibited from stating the amount demanded in their complaint. California *Code of Civil Procedure* § 425.10.

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

24. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. Stated another way, the defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954–55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

25. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" includes information relating to the amount in controversy in the record of the State proceeding, in responses to discovery, or in the form of a written settlement demand. 28 U.S.C. §1446(c)(3)(A). A written settlement demand is a written statement setting forth the nature and amount of damages being sought and constitutes such "other paper." *See Hanson v. Equilon*

*Enterprises LLC*, 2014 U.S. Dist. LEXIS 110795, 9 (N.D. Cal. 2014).

26. On March 2, 2022, *prior* to filing the Complaint in the Superior Court for the County of Riverside, and *prior* to formal service of the Summons and Complaint and other documents comprising **Exhibit "A,"** Plaintiff's counsel sent a letter to Defendant which included claimed past medical expenses of $25,138.00 and future medical expenses of $65,000.00, totaling an amount in excess of the $75,000.00 jurisdictional limit.

27. Plaintiff's written, pre-litigation settlement demand of constitutes "other paper" and satisfies the amount in controversy requirement. Thus, the preponderance of the evidence shows that Plaintiff's specific damages claims exceed the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

28. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after Defendant LOWE'S HOME CENTERS, LLC was served with the Summons and Complaint, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(3). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on May 23, 2022.

29. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. sections 1332 and 1441(b) and removal is proper at this time.

Dated: September 21, 2022                    THARPE & HOWELL, LLP

By: _____
STEPHANIE FORMAN
ANDREA BREUER
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Gilbert Perez, Esq.<br>FIORE LEGAL, INC.<br>136 E. Lemon Avenue<br>Monrovia, CA 91016<br>Tel: 626-856-5856<br>Fax: 626-386-5520<br>Email: gperez@fiorelegal.com<br><br>Faviola Palencia, Paralegal<br>fpalencia@fiorelegal.com<br><br>Amy Castrellon, Paralegal<br>acastrellon@fiorelegal.com | Attorneys for Plaintiff, CARLOS R. PEIRANO |

5. a.  **X**  **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/22/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\33000-000\33127\Pleadings\FEDERAL\Notice of Removal.docx